RECEIVED
2018 JUL 24 AM 11: 44
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MCCABE and BARBARA
MCCABE, his spouse,

    Plaintiffs

vs.

Case No.: 8:18-cv-01806-T-23-CPT

BAY PINES VETERANS ADMINISTRATION
HOSPITAL; CHARLES ABRAHAMSEN M.D.;
MARIANE BISHARA, M.D.; LAUREL
SPRUILL M.D.; SHARON GERSON ARNP;
DR. AALOK PATEL.; et al

    Defendants.
_____/

## PETITION TO PERPETUATE TESTIMONY OF JOHN McCABE

COMES NOW, Petitioners, JOHN McCABE and BARBARA McCABE on their own behalf and on behalf (hereinafter "Petitioners") to perpetuate testimony of the Petitioner, JOHN McCABE, pursuant to Fed. R. Civ. Pro., Rule 27 by videotaped deposition and in support thereof states the following:

1.    The Petitioners are presently unable to bring a cause of action until the resolution of Florida's Notice of Intent period in ninety (90) days and there is a final denial of the medical malpractice claim by the Department of Veterans Affairs on August 6, 2018 pursuant to the Federal Tort Claims Act, 28 U.S.C. 2401. The Petitioners expect to be parties to an action to be brought in the United States District Court for the Middle District of Florida. (See attached Exhibit A, proposed complaint.)

2.    The subject matter of the expected litigation is an action for medical malpractice for failure to appropriately follow-up and/or tell Plaintiff of a mass in his right lung.



3. Petitioner, John McCabe, is a St. Petersburg resident and a 68 year old Army veteran who was awarded a Purple Heart and has received his medical care subsequently from the Veterans Affairs Administration.

4. The facts which Petitioners desire to establish by the proposed testimony are: that the Veterans Administration Hospital and aforementioned Doctors treated the patient during the period from November 18, 2015 through the present day, at which times they failed to provide proper medical treatment and care to the patient, John McCabe, including failing to inform the patient of a mass on his chest x-rays, failing to properly treat the patient's medical condition, failing to follow-up on an opacity of the right lower lobe, and failing to diagnose and inform the Plaintiff of multiple soft tissue mass lesions.

5. When finally addressed, two years later, John McCabe was diagnosed with stage IV cancer (lung cancer). Furthermore, as a result of the aforementioned negligent acts and omissions, the Petitioner suffered grave physical injuries and harm and the Petitioner has to undergo numerous surgeries and radiation/chemo- therapies. The Petitioner also seeks to establish through his testimony that, not until December of 2017, was Petitioner notified of his diagnosis until he received a letter on December 12, 2017 from the VA. Lastly, the Petitioner seeks to establish the Veterans Administration Hospitals and aforementioned doctor's/agents actions and omissions were the legal and proximate cause of the Petitioner's damages and injuries, pain and suffering, emotional anguish and distress, and which actions and omissions have substantially lessened the Plaintiff's life expectancy and will in all likelihood result in the Patient's death in the immediate future. The reason petitioner's desire to perpetuate said facts is that John McCabe, in all likelihood, will not live long enough to testify at trial and his death appears imminent.

5.      The expected adverse parties to the cause of action are the Veterans Administration Hospital (hereinafter "V.A. Hospital") and aforementioned doctor's (hereinafter "the doctor's"). The address for the Veteran's Administration Hospital is 10000 Bay Pines Blvd, St. Petersburg Florida, 33744.

6.      The name and address of the person to be examined is: Petitioner, JOHN McCABE who resides in, St. Petersburg, Florida 33714. The substance of the testimony which the Petitioner expects to elicit is:

a.      That the Veterans Administration Hospital and said doctor's treated the Petitioner, JOHN McCABE, as a patient since 2006 and to the present day, at which time the patient later repeatedly complained of cough and fatigue, and additionally were performing preoperative studies.

b.      That despite these complaints of these recurring problems from the Petitioner to his primary care physician, Dr. Laurel Spruill, Dr. Mariane Bishara, as well as Dr. Charles Abrahamsen, over almost a two year period never informed the Petitioner of his multiple soft tissue mass lesions in his chest, despite the multiple chest x-rays and calls for CT and other test that were executed and performed.

c.      That despite a pre surgical evaluation on June 5, 2016, there was absolutely no mention to the Plaintiff of the aforementioned mass to him.

d.      That it was not until December, 2017, was Petitioner notified of his diagnosis until he received a letter on December 12, 2017.

e.      As a result, the Petitioner was never informed he had a mass in his lung until it was too late.

f.      On December, 14, 2017, the Plaintiff was recommended a CT of his chest.

g. On December 27, 2017, the Plaintiff was "newly diagnosed with cancer.

h. That on, or about January 19, 2018, the Plaintiff consented for chemotherapy with Carboplatin-Paclitaxel.

i. That on, or about January 25. 2018, Mr. McCabe underwent a PET/CT scan under "deep sedation/moderate sedation with analgesia." As a result, the Plaintiff's "multiple areas of opacification involving the right lower love have progressed now opacifying the right lower love near completely. These opacities appear more connected, compared to previous CT scan without definit mass confidently identified."

j. That, on February 1, 2018, Mr. McCabe consented for radiation therapy for cancer involvement in the thorax.

k. That the patient has suffered grave physical injuries, damages and harm and experienced extreme emotional distress, physical and mental anguish and pain as a result of the treatment provided to the patient by the Veteran's Administration Hospital and aforementioned doctors.

l. To date he is still in a life or death battle with cancer.

WHEREFORE, Petitioner requests for an Order authorizing the Video Taped Deposition of the Petitioner, John McCabe on oral examination for the purpose of perpetuating his testimony pursuant to Fed. R. Civ. Pro., Rule 27 and all other relief this Court deems appropriate.

I HEREBY CERTIFY that a true copy of the foregoing has been served via E-mail on:

Counsel for the veterans administration, Isabel Rodriguez Casellas at Isabel.rodriguezcasellas@va.gov, and by U.S Mail to:

Isabel Rodriguez Casellas, Esquire
Michael Bartley, Paralegal Specialists

U.S. Department of Veterans Affairs
Office of General Counsel
Torts Law Group
Casia Street #10
San Juan, PR  00921-3201

Bay Pines Veterans Administration
10000 Bay Pines Boulevard
Bay Pines, FL  33744

Charles Abrahamsen, M.D.
10000 Bay Pines Boulevard
Bldg 100 MODE
Bay Pines, FL  33744

Mariane Bishara, M.D.
Bay Pines VA HCS
10000 Bay Pines Boulevard
Bay Pines, FL  33744

Laurel Spruill, M.D.
840 St. Pete VA Clinic
840 Dr. Martin Luther King Jr. Street North
St. Petersburg, FL  33705

Sharon Gerson, ARNP
VA Bay Pines Hospital
10000 Bay Pines Boulevard
Bay Pines, FL  33744

Dr. Aalok Patel
10000 Bay Pines Boulevard
Bay Pines, FL  33744

this 23rd[th] day of July, 2018.

/s/Scott R. Jeeves
SCOTT R. JEEVES, ESQUIRE
FL BAR NO.: 905630
JEEVES LAW GROUP, P.A.
954 1st Avenue North
St. Petersburg, Florida 33705
O:	(727) 894-2929
F:	(727) 822-1499
Primary:	sjeeves@jeeveslawgroup.com
Secondary: khill@jeeveslawgroup.com

Attorney for Plaintiff